# APPENDIX

# D

## ESCROW AGREEMENT

**THIS ESCROW AGREEMENT**, dated as of June 14, 2012 ("Escrow Agreement"), is entered into by the State of Ohio, through its Attorney General, on behalf of the Plaintiff States, as defined in the Settlement Agreement, and Fifth Third Bank, an Ohio banking corporation, as Escrow Agent hereunder ("Escrow Agent").

## RECITAL

A. Plaintiff States and Defendants Hachette Book Group, Inc. ("Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins"), Simon & Schuster, Inc., and Simon & Schuster Digital Sales, Inc. (together "Simon and Schuster") (collectively the "Publishers") have entered into respective Settlement Agreements (copies of which are attached hereto and the terms and definitions of which are incorporated herein), pursuant to which litigation to be filed by the Plaintiff States against the Publishers will be resolved, upon court approval. The Settlement Agreements provide that the Publishers shall pay a total of $77,904,999.98 to the Plaintiff States plus funds for settlement administration costs. These monies will be distributed to various Settlement Accounts and otherwise in accordance with the terms of this Agreement.

B. Pursuant to the Settlement Agreements, the Escrow Agent is to establish five accounts, a separate Consumer Compensation Settlement Account for each Publisher, the States' Compensation Settlement Account, and the Settlement Cost Account (the "Settlement Accounts"), into which the monies paid by Publishers is to be applied.

C. Counsel for the Plaintiff States have appointed the Liaison Counsel for Plaintiff States (as defined below) to represent them for all purposes in connection with the settlement.

D. Counsel for the Plaintiff States, by and through the Liaison Counsel for Plaintiff States, agree to appoint Fifth Third Bank as the Escrow Agent and Fifth Third Bank is willing to act as Escrow Agent hereunder in accordance with the terms and conditions of this Escrow Agreement. In order to administer the Escrow Funds (as defined below), the Parties hereto have entered into this Escrow Agreement.

## STATEMENT OF AGREEMENT

**NOW THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, for themselves, their successors and assigns, hereby agree to the foregoing and as follows:

1. <u>Definitions.</u>

   a. All capitalized terms used herein shall have the same meaning as provided for in the Settlement Agreements, unless the capitalized term is expressly defined herein.

   b. "Written Direction" shall mean a written notification, signed by at least two Liaison Counsel for Plaintiff States and Paul Yde, Clifford Aronson, and Helene Jaffe or David Hillman, as counsel for the Publishers, in the form attached hereto as Exhibit A. Each

Written Direction shall include a certification by Liaison Counsel for Plaintiff States and counsel for the Publishers that the instructions in the notification are being made pursuant to the Settlement Agreements and this Escrow Agreement and that such Liaison Counsel is authorized to act on behalf of such State or other authority in accordance with the terms of this Agreement.

   c. "Escrow Funds" shall mean the $77,904,999.98 deposited by Publishers with the Escrow Agent pursuant to this Escrow Agreement, together with any interest and other income thereon, and the funds deposited by Publishers for settlement administration costs into the Settlement Accounts. These Escrow Funds will be distributed into the Settlement Accounts in accordance with Section 3 below.

   d. "Liaison Counsel for Plaintiff States" shall mean the designated representatives for the Attorneys General of the States of Texas, Connecticut, and Ohio described in an incumbency certificate and any other designated representatives about which the Escrow Agent is notified in writing.

   2. <u>Appointment of and Acceptance by Escrow Agent.</u> The Liaison Counsel for Plaintiff States hereby appoint Fifth Third Bank to serve as the Escrow Agent hereunder. Escrow Agent hereby accepts such appointment and, upon receipt by wire transfer of the Escrow Funds in accordance with Section 3 below, agrees to hold, invest and disburse the Escrow Funds in accordance with this Escrow Agreement.

   3. <u>Creation of the Settlement Accounts.</u> The Escrow Agent shall establish the following accounts ("Settlement Accounts"):

   a. <u>Consumer Compensation Settlement Accounts</u>: The Escrow Agent will establish one Consumer Compensation Settlement Account for each Publisher ("Consumer Compensation Settlement Accounts"). The Consumer Compensation Settlement Accounts shall be used to fund the Consumer distribution, as described in Section VI.A of the Settlement Agreements. The Escrow Agent shall only distribute funds in the Consumer Compensation Settlement Accounts pursuant to a Court-approved Distribution Plan which has become Final within the meaning of Section I.I of the Settlement Agreements. Any and all interest earned on the Consumer Compensation Settlement Accounts shall accrue to and become part of the Consumer Compensation Settlement Accounts and shall be used to fund the Consumer distribution.

   i. In accordance with Section IV.A of the Settlement Agreements, the Publishers will pay the following amounts for Consumer compensation into their respective Consumer Compensation Settlement Account:

     1. Hachette shall pay $32.25 million to the Plaintiff States, c/o the Escrow Agent, for Consumer compensation;

     2. HarperCollins shall pay $19.93 million to the Plaintiff States, c/o the Escrow Agent, for Consumer compensation; and

2

3. Simon & Schuster shall pay $18.1 million to the Plaintiff States, c/o the Escrow Agent, for Consumer compensation.

ii. Publishers will transfer the sums they are obligated to pay under Section IV.A of their respective Settlement Agreement to the Escrow Agent, by wire transfer of immediately available funds, to the following accounts:

For Hachette:

Fifth Third Bank N.A.
ABA# 042000314
A/C# 71575856
FFC A/C#: 28-28-003-9432659
A/C Name: SOH Hachette

For Harper Collins:

Fifth Third Bank N.A.
ABA# 042000314
A/C# 71575856
FFC A/C#: 28-28-003-9432667
A/C Name: SOH HarperCollins

For Simon & Schuster:

Fifth Third Bank N.A.
ABA# 042000314
A/C# 71575856
FFC A/C#: 28-28-003-9432675
A/C Name: SOH Simon and Schuster

b. <u>States' Compensation Settlement Account:</u> The States' Compensation Settlement Account shall be used to fund the compensation to the States, as described in Section VI.B of the Settlement Agreements. Any and all interest earned on the States' Compensation Settlement Account shall accrue to and become part of the States' Compensation Settlement Account and shall be apportioned among the Plaintiff States.

i. In accordance with the terms of the Settlement Agreements, the Publishers will each transfer the sum of $2,541,666.66, which is the amount they are obligated to pay under Section IV.C of their respective Settlement Agreement, to the Escrow Agent, by wire transfer of immediately available funds, to the following account:

>   Fifth Third Bank N.A.
>   ABA# 042000314
>   A/C# 71575856
>   FFC A/C#: 28-28-003-9432683
>   A/C Name: SOH States' Compensation Settlement Acct

        ii.    The States' Compensation Settlement Account, as established pursuant to this Section, shall be tax-free.

        c.    <u>Settlement Cost Account:</u> The Settlement Cost Account shall be used to fund Settlement Administration Costs, as described in Section VI.C of the Settlement Agreements. Any and all interest earned on the Settlement Cost Account shall accrue to and become part of the Settlement Cost Account and shall be used to pay the Settlement Administration Costs.

        i.    In accordance with the terms of the Settlement Agreements, the Publishers will each transfer their per capita share of all reasonable Settlement Administration Costs, which is the sums they are obligated to pay under Sections IV.D and IV.E of their respective Settlement Agreement, to the Escrow Agent, by wire transfer of immediately available funds, to the following account:

>   Fifth Third Bank N.A.
>   ABA# 042000314
>   A/C# 71575856
>   FFC A/C#: 28-28-003-9432691
>   A/C Name: SOH Settlement Cost Acct

        ii.    If, after final distribution of all funds in the Consumer Compensation Settlement Accounts and in the States' Compensation Settlement Account and after payment of all incurred, committed or anticipated Settlement Administration Costs, as defined in the Settlement Agreements, there are any unused funds remaining in the Settlement Cost Account, the Escrow Agent shall refund to each Publisher, upon Written Directions from the Liaison Counsel for Plaintiff States and counsel for the Publishers, its per capita share of the unused funds in the Settlement Cost Account within a reasonable period of time.

    4.    <u>Disbursement of Escrow Funds.</u> The Escrow Agent shall disburse Escrow Funds, at any time and from time to time, in accordance with the Written Directions from the Liaison Counsel for Plaintiff States and counsel for the Publishers or by order of the Court. The Escrow Agent shall not disburse Escrow Funds except pursuant to Written Directions from the Liaison Counsel for Plaintiff States and counsel for the Publishers or by order of Court.

    5.    <u>Termination of Settlement Agreement.</u> If the Settlement Agreement is not approved, all monies paid into the Settlement Accounts shall be refunded to Publishers, reduced by the amount of actual out-of-pocket costs and expenses incurred in the administration of the Settlement to the date of disapproval. In such case, refund shall occur within five (5) business

4

days of the Court's decision becoming Final.

6. <u>Investment of Funds.</u> Escrow Agent shall invest the Escrow Funds in obligations of, or obligations guaranteed by, the United States of America or any of its departments or agencies, to obtain the highest available return on investment, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then current market rates. The Escrow Agent shall bear all risks related to the investment of funds in the Settlement Accounts. The Escrow Funds shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are dispersed pursuant to the Settlement Agreements or upon further order(s) of the Court.

7. <u>Preparation and Payment of Taxes.</u> Escrow Agent agrees to treat the Settlement Accounts as being, at all times from and after expiration or waiver of the period within which the Publishers may void the Settlement under Section X of the Settlement Agreements, a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1(a). In addition, the Escrow Agent and, as required, settling parties shall jointly and timely make such elections as necessary or advisable to carry out the provisions of Section V.F of the Settlement Agreements, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)), back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulation. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Accounts (including without limitation the returns described in Treas. Reg. § 1.468B-2(k and l)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Accounts shall be paid out of the Settlement Accounts as provided in Section V.F.3 of the Settlement Agreements. All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Accounts, including any taxes that may be imposed upon Publishers with respect to any income earned by the Settlement Accounts for any period during which the Settlement Accounts do not qualify as a "qualified settlement fund" for federal, state, or local income tax purposes ("Taxes") shall be paid out of the Settlement Accounts and in all events Publishers and their insurers shall have no liability or responsibility for such Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority in respect of such Taxes. Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Agreement and shall be timely paid by the Escrow Agent out of the Settlement Cost Account without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Plaintiff States any funds necessary to pay such amounts including the establishment for adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l), (2)).

5

8. <u>Registration and Removal of Escrow Agent.</u> Escrow Agent may resign from the performance of its duties hereunder at any time by giving sixty (60) days prior written notice to the Liaison Counsel for Plaintiff States or may be removed, with or without cause, by the Liaison Counsel for Plaintiff States, by furnishing Written Direction to Escrow Agent, at any time by the giving of thirty (30) days prior written notice to Escrow Agent. Such resignation or removal shall take effect upon the appointment of a successor Escrow Agent as provided herein. Upon any such notice of resignation or removal, the Liaison Counsel for Plaintiff States shall appoint a successor Escrow Agent hereunder. Upon the acceptance in writing of any appointment as Escrow Agent hereunder by a successor Escrow Agent, such successor Escrow Agent shall thereupon succeed to and become vested with all the rights, powers, privileges and duties of the retiring Escrow Agent, and the retiring Escrow Agent shall be discharged from its duties and obligations under this Escrow Agreement, but shall not be discharged from any liability for actions taken as Escrow Agent hereunder prior to such succession. The retiring Escrow Agent shall transmit all records pertaining to the Settlement Accounts and shall pay all Escrow Funds to the successor Escrow Agent, after making copies of such records as the retiring Escrow Agent deems advisable and after deduction by and payment to the retiring Escrow Agent (after written notice to Liaison Counsel for Plaintiff States) of all fees and expenses incurred by or expected to be incurred by the retiring Escrow Agent in connection with the performance of its duties and the exercise of its rights hereunder.

9. <u>Fees and Expenses of Escrow Agent:</u>

    a. Escrow Agent will be compensated in accordance with the terms of Exhibit B. The Escrow Agent is authorized to, and may, disburse to itself from the Escrow Funds, from time to time, the amount of any compensation payable hereunder. Such compensation and reimbursement may be directly disbursed by the Escrow Agent to itself from the Settlement Cost Account on a monthly basis, thirty (30) days after giving written notice, consisting of an itemization of compensation earned, to the Liaison Counsel for Plaintiff States and counsel for Publishers.

    b. The Escrow Agent understands and agrees that all payments to the Escrow Agent will be made from the Settlement Cost Account. The Escrow Agent understands and agrees that the Ohio Attorney General is not responsible or liable for payments under this Agreement and that the Escrow Agent will look solely to the Settlement Cost Account for payment, pursuant to the payment procedures set forth in this Section 9.

10. <u>Reports and Accounting.</u> Escrow Agent will provide weekly reports to the Liaison Counsel for Plaintiff States, in a form that is acceptable to the Plaintiff States, reflecting income and disbursement activity on the Settlement Accounts for the period and year to date. The Escrow Agent shall further issue a Final Report and Accounting which will summarize the income, expenses, and disbursements associated with the administration of the Settlement Accounts; expenses and disbursements associated with payments to the Plaintiff States; and such other reports as the Liaison Counsel for Plaintiff States may reasonably require from time to time. Reports and the status of all Settlement Accounts shall be accessible to the Liaison

Counsel for Plaintiff States on-line. The Escrow Agent will provide the name of the officer who will have principal responsibility of the management of the Settlement Accounts and the Escrow Agent's relationship with the Liaison Counsel for Plaintiff States.

11. <u>Consent to Jurisdiction and Venue.</u> In the event that any party hereto commences a lawsuit or other proceeding relating to or arising from this Escrow Agreement, the Parties hereto agree that the proper court in New York shall have the sole and exclusive jurisdiction over any such proceedings. Such Court shall have proper venue for any such lawsuit or judicial proceeding and the Parties hereto waive any objection to such venue. The Parties hereto consent to and agree to submit to the jurisdiction of such Court and agree to accept service of process to vest personal jurisdiction over them in such Court.

12. <u>Notices.</u> All notices and other communications hereunder shall be in writing and shall be deemed to have been validly served, given or delivered five (5) days after deposit in the United States mails, by certified mail with return receipt requested and postage prepaid, when delivered personally, one (1) day after delivery to any overnight courier, or when transmitted by facsimile transmission facilities, and addressed to the party to be notified as follows:

If to Plaintiff States at:

Office of the Attorney General of Texas
Chief, Antitrust Section
300 W. 15th St., 7th Floor
Austin, TX 78701

Office of the Attorney General of Connecticut
Chief, Antitrust Department
55 Elm Street
PO Box 120
Hartford, CT 06141-0120

Office of the Attorney General of Ohio
Chief, Antitrust Section
150 E. Gay St., 23rd Floor
Columbus, OH 43215-3428

If to Hachette Book Group, Inc.:

Paul Yde, Esq.
Freshfields Bruckhaus Deringer US LLP
701 Pennsylvania Avenue, NW
Washington, DC 20004-2692

7

If to HarperCollins Publishers, L.L.C.:

Clifford H. Aronson, Esq.
Skadden, Arps, Slate, Meagher & Flom
4 Times Square
New York, NY 10036-6522

If to Simon & Schuster, Inc.:

Helene D. Jaffe, Esq.
Proskauer Rose, LLP
Eleven Times Square
New York, NY 10036-8299

David Hillman, Executive VP & General Counsel
Simon & Schuster, Inc.
1230 Avenue of Americas
New York, NY 10020

If to Escrow Agent at:

Fifth Third Bank
c/o Anthony E. Hunter, Vice President
21 East State Street
Columbus, OH 43215

or to such other address as each party may designate for itself by like notice.

13. **Amendment or Waiver.** This Escrow Agreement may be changed, waived, discharged or terminated only by a writing signed by the Liaison Counsel for Plaintiff States and Escrow Agent. No delay or omission by any party in exercising any right with respect hereto shall operate as a waiver. A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion.

14. **Severability.** To the extent any provision of this Escrow Agreement is prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Escrow Agreement.

15. **Governing Law.** This Escrow Agreement shall be construed and interpreted in accordance with the laws of the State of New York without giving effect to the conflict of laws principles thereof.

16. **Entire Agreement.** This Escrow Agreement and the Settlement Agreements

8

constitutes the entire agreement between the Parties relating to the holding, investment and disbursement of the Escrow Funds and sets forth in their entirety the obligations and duties of Escrow Agent with respect to the Settlement Accounts.

17. **Binding Effect.** All of the terms of this Escrow Agreement, as amended from time to time, shall be binding upon, inure to the benefit of and be enforceable by the Parties and their respective heirs, successors and assigns.

18. **Confidentiality.** This Escrow Agreement and the Settlement Agreements, which are incorporated herein, should not be disclosed unless, or until, notification is made in writing to Counsel for the Liaison States.

19. **Execution in Counterparts.** This Escrow Agreement and any Written Direction may be executed in two or more counterparts, which when so executed shall constitute one and the same agreement or direction.

20. **Dealings.** Nothing herein shall preclude the Escrow Agent from acting in any other capacity for any party, person or entity referenced herein.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Escrow Agreement to be executed under seal as of the date first above written.

PLAINTIFF STATES

MICHAEL DeWINE, Attorney General for the State of Ohio

By: _[signature]_
Title: Assistant Chief, Antitrust Section

FIFTH THIRD BANK, as Escrow Agent

By: _[signature]_
Title: V.P.

## EXHIBIT A

## JOINT WRITTEN DIRECTION
## EXAMPLE

### STATE OF TEXAS ET AL V. HARPERCOLLINS PUBLISHERS L.L.C., ET AL, IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION
### ESCROW # _____

In accord with the Escrow Agreement, dated June 14, 2012 and the Settlement Agreements referenced in the Escrow Agreement, the Liaison Counsel for Plaintiff States and counsel for the Publishers, all of whom are authorized to act on behalf of their respective parties, direct Fifth Third Bank as the Escrow Agent to take the following action with respect to the Escrow Funds and/or Settlement Account. The Escrow Agent shall

_____

_____

_____

_____

DATED: _____, 2012            **PLAINTIFF STATES**

                                                              MICHAEL DeWINE, Attorney General for the State of Ohio

                                                              By: _____

                                                              Title: _____

GREGORY ABBOTT, Attorney General for the State of Texas

By: _____

Title: _____


GEORGE JEPSEN, Attorney General for the State of Connecticut

By: _____

Title: _____

**PUBLISHERS**

HACHETTE BOOK GROUP, INC.

By: _____

Title: _____

HARPERCOLLINS PUBLISHERS, L.L.C.

By: _____

Title: _____

SIMON AND SCHUSTER, INC.

By: _____

Title: _____

# EXHIBIT B

Schedule of Fees and Expenses

Annual Administration Fee:   $3500

Activity Charges:   Fed Wire - no charge
Check - no charge
Monthly statement – no charge
Document handling – no charge
On-line access – no charge

Investment Fee:
    For Interest-Bearing or Money Market Account: Included in Annual Administration Fee

    For all investment management, purchases, sells, custody and safekeeping of Treasury Securities:  Included in Annual Administration Fee

Preparation and Payment of Taxes: Included in Annual Administration Fee