UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION ) ) ) | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to: | |
| THE STATE OF TEXAS, et al., ) ) )<br>   Plaintiffs, ) )<br>   v. ) )<br>HACHETTE BOOK GROUP, INC., et al., ) )<br>   Defendants. ) ) ) | Civil Action No. 12-cv-6625 (DLC)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 9/13/2012 |

[PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS

The States, Commonwealths and Territories of Texas, Connecticut, Ohio, Alabama, Alaska, American Samoa, Arizona, Arkansas, California, Colorado, Delaware, Florida, Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Northern Mariana Islands, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Virgin Islands, Washington, West Virginia, Wisconsin, and Wyoming, together with the District of Columbia ("Plaintiff States"), and HarperCollins Publishers, L.L.C., Hachette Book Group, Inc., Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. (collectively "Defendants"), entered into Settlement Agreements dated June 11,

2012. These Settlement Agreements have been presented to the Court for Preliminary Approval pursuant Sections 4C and 16 of the Clayton Act, 15 U.S.C. §15c and §26.

Upon review and consideration of these Settlement Agreements, the Plaintiff States' Notice of Motion and Plaintiff States' Memorandum in Support of Motion for Preliminary Approval of Settlements and Proposed Notice and Distribution Plans ("States' Memorandum in Support of Motion"), and the attachments thereto, all of which have been filed with the Court, and for good cause appearing therein;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

### GENERAL FINDINGS

1. The Court has jurisdiction over this action and each of the Parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreements.

3. The Court, for purposes of this Order, finds that the Attorneys General are representatives of natural persons in the Plaintiff States and have authority to settle and release the Claims of the natural persons who are eligible Consumers in the Plaintiff States.

4. The Court, for purposes relating to the Settlement Agreements, confirms the Attorneys General of the States of Texas, Connecticut and Ohio as Liaison Counsel for the Plaintiff States.

5. The Court confirms the appointment of Fifth Third Bank as Escrow Agent, and Kinsella Communications and Rust Consulting as the Notice and Claims Administrators for purposes of the implementation of the Settlements.

## PRELIMINARY APPROVAL OF SETTLEMENTS AND PROPOSED DISTRIBUTION PLAN

6. The Court finds that these Settlement Agreements appear to be the product of serious, informed, non-collusive negotiations, have no obvious deficiencies, and fall within the range of possible approval.

7. The Court finds that the settlements encompassed by the Settlement Agreements (the "Settlements"), including the proposed methods of distribution and allocation of the monies paid in settlement of these actions as outlined in the Settlement Agreements and in the Distribution Plan, attached as Appendices A, B, C & F to States' Memorandum in Support of Motion, are entitled to preliminary approval.

8. The Court finds the Settlements satisfy the requirements of 15 U.S.C. §15c and due process.

9. The terms of the Settlement Agreements and the Distribution Plan are hereby preliminarily approved and notice of them shall be given as provided in this Order.

## NOTICE OF SETTLEMENT

10. The Court finds that the form and content of the proposed Notice Plan (the "Notice"), attached to this Order as Attachment A, are in full compliance with the requirements of 15 U.S.C. §15c and satisfy due process. The Court further finds that the Notice provides to the eligible Consumers in Plaintiff States sufficient information to make informed and meaningful decisions regarding their options in this litigation and the effect of these Settlements on their rights and is the best practicable method of notice under the circumstances. The Court approves the Notice Plan and approves the distribution of the various emails, and publication notices, in

substantially the same form as included in the Notice Plan.

11.     The Court finds that the proposed sixty (60) day Notice Period is adequate for eligible Consumers in Plaintiff States to exercise their right to object to the proposed Settlements or to exclude themselves from the proposed Settlements.  The Notice Period shall begin thirty (30) days after the entry of this Preliminary Approval Order, and end sixty (60) days thereafter. The Court further finds that a ninety (90) day period after the entry of this Preliminary Order for consumers to submit electronic or paper claims, elect whether to select a check instead of a credit, and submit requests for exclusions or objections, is fair and adequate.

12.     As soon as practicable after entry of this Order, but no later than 30 days after the date of entry hereof, Liaison Counsel for Plaintiff States shall cause notice to be disseminated to the eligible Consumers in the Plaintiff States in accordance with the Notice Plan and the terms of this Order.  Prior to the Fairness Hearing, Liaison Counsel shall serve and file sworn statements attesting to compliance with the Notice Plan.

13.     The Court approves the expenditure of actual notice and administrative costs reasonably incurred in the amount and manner and to the extent provided for in Paragraphs IV, V and VI of the Settlement Agreements, for the purpose of providing Notices to eligible Consumers in Plaintiff States in accordance with the Notice Plan and to administer the Distribution Plan.  The Escrow Agent is directed to pay such costs as they have been or are hereafter reasonably incurred upon Written Direction, as provided in the Settlement Agreements and Escrow Agreement.

## REQUESTS FOR EXCLUSION

14. All eligible Consumers in Plaintiff States who submit valid and timely requests for exclusion from the Settlements during the Notice Period pursuant to, and complying with, instructions contained in the Notice, shall not have any rights under the Settlement Agreements and shall not be bound by the Settlement Agreements or the final judgment.

15. All eligible Consumers in Plaintiff States who do not submit valid and timely requests for exclusion from the Settlements during the Notice Period pursuant to, and complying with, instructions contained in the Notice shall be bound by the Settlement Agreements and by the final judgment, in the event that the Settlement Agreements are finally approved by the Court.

## THE FAIRNESS HEARING

16. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before the undersigned on *February 8*, 2013 at *10:00* a.m. Eastern Standard Time in Courtroom No. *15B*, United States Courthouse, 500 Pearl Street, New York, NY, 10007-1312 to consider the fairness, reasonableness and adequacy of the Settlements, the dismissal with prejudice of this action as to the Defendants, and the entry of final judgment in this action.

17. Any eligible Consumer in the Plaintiff States who has not previously filed a request for exclusion from all three Settlements may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlements, the dismissal with prejudice of this action as to the Defendants and/or the entry of final judgment.  Provided, however, no person

shall be heard in opposition to the Settlements, dismissal and/or entry of final judgment and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before November 13, 2012 such person: (a) files with the Clerk of Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlements, the dismissal of claims and/or the entry of final judgment and any documentation in support of such opposition, and (b) serves a copy of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the Claims Administrator at: E-books AG Settlements Objections, P.O. Box 2825, Faribault, MN 55021-8630.

18. Any eligible Consumer in the Plaintiff States who does not file, and serve as required, an objection within the Notice Period in the manner provided in the Notice and this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

19. The date and time of the Fairness Hearing shall be set forth in the Notices, but shall be subject to adjournment by the Court without further notice to eligible Consumers in Plaintiff States other than that which may be posted by the Court.

20. The Parties shall file with the Court any pleadings or memoranda in support of the Settlements and Settlement Agreements at least ten (10) calendar days before the Fairness Hearing.

## CONFIDENTIALITY

21. No information received by the Notice and Claims Administrator in connection with the Settlements that pertains to a particular eligible Consumer, other than information

contained in a request for exclusion or in an objection, shall be disclosed to any person or entity other than as directed by the Court.

### **OTHER PROVISIONS**

22.     These Settlement Agreements, subject to this Court's final approval, fully and finally compromise, settle and resolve the Plaintiff States' claims subject to the terms and conditions set forth in the Settlement Agreements.

23.     All discovery and other pretrial proceedings in this action are hereby stayed pending the Effective Date of the Settlements as defined in the Settlement Agreements, except such proceedings as may be necessary to implement the terms of the Settlement Agreements.

24.     If the Settlement Agreements are terminated or otherwise do not become effective in accordance with the provisions of the Settlement Agreements, the Settlements and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreements, and without prejudice to the *status quo ante* rights of the Plaintiff States and the Defendants.

25.     Neither this Order nor the Settlement Agreements shall constitute any evidence or admission of liability by Defendants nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreements or the terms of this Order,

or by Defendants in connection with any action asserting claims that are released by the terms of the Settlement Agreements.

SO ORDERED:

Dated: New York, New York
       September   13   , 2012

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Hon. Denise Cote
United States District Judge

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If You Bought an E-book
## You Could Get a Payment from a $69 Million Settlement Fund

- Three Settlements have been reached with certain publishers in an antitrust lawsuit filed by State Attorneys General about the price of electronic books ("E-books").

- The lawsuit claims there was a conspiracy involving three of the nation's top publishers and others to fix and raise retail prices of E-books. These three publishers have agreed to settle the lawsuit. A separate lawsuit with similar claims continues against two other publishers and Apple, Inc.

- If you purchased one or more E-books from April 1, 2010 through May 21, 2012 that were published by any of the five Publishers listed in Question 2 below, you may be eligible for a partial refund of the purchase price.

- The Settling Publishers deny they did anything wrong, but have agreed to settle to avoid the cost and risk of a trial.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS ||
|---|---|
| **GET A PAYMENT** | Depending on the retailer through which you bought your E-book(s), you may be eligible for an *automatic* credit or check payment or you may need to file a claim to receive a check. (*See* Question 12.) |
| **OBJECT** | Write to the Court if you do not like one or more of the Settlements. (*See* Question 17.) |
| **GO TO THE HEARING** | Ask to speak in Court about your opinions. (*See* Question 21.) |
| **EXCLUDE YOURSELF** | Exclude yourself from one or more of the Settlements. Get no benefit from any Settlement from which you exclude yourself. (*See* Question 14.) |
| **DO NOTHING** | Depending on the retailer through which you bought your E-book(s), you will get an automatic credit or check, or you will get no payment. (*See* Question 22.) |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case has preliminarily approved the Settlements but still has to decide whether to finally approve the Settlements. Benefits will be provided if the Court approves the Settlements. Please be patient.

## BASIC INFORMATION

### 1. What is this lawsuit about?

The antitrust lawsuit was filed by Attorneys General of 49 states, the District of Columbia and five U.S. territories and commonwealths, and claims there was a conspiracy involving three of the nation's top publishers and others to fix and raise retail prices of E-books.

These three Publishers ("Settling Publishers") have agreed to settle the lawsuit. The Settling Publishers deny they have done anything wrong but have agreed to settle to avoid the cost and risk of trial. The case is in the U.S. District Court for the Southern District of New York. It is called *Texas, et al. v. Hachette Book Group, et al.*, Case No.12-cv-6625. ("Et alia," is a Latin phrase that means "and others.") This Court has preliminarily approved the proposed Settlements and will consider whether to grant final approval on Month Day, Year. (*See* Question 19.)

A separate case continues against two additional Publishers ("Non-Settling Publishers") and Apple, Inc. This separate case is called *Texas, et al. v. Penguin Group, (USA) Inc., et al.*, Case No. 12-cv-03394, and is scheduled to go to trial in 2013, in the U.S. District Court for the Southern District of New York.

### 2. Who are the Publishers?

There are five publishers who, as a group, are referred to in this Notice as "Publishers".

The Settling Publishers are the following publishers:
- Hachette Book Group, Inc. ("Hachette");
- HarperCollins Publishers LLC ("HarperCollins"); and
- Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. ("Simon & Schuster").

The Non-Settling Publishers are the following publishers:
- Penguin Group (USA) Inc. ("Penguin"); and
- Holtzbrinck Publishers, LLC, known as Macmillan ("Macmillan").

### 3. Why are there Settlements?

The Court has not decided in favor of either side. The Attorneys General who brought the antitrust lawsuit think the Settlements are best for everyone who is affected. The Settling Publishers deny that they did anything wrong but have agreed to Settlements to avoid the time, expense, and uncertainty associated with continuing the case.

## WHO IS INCLUDED IN THE SETTLEMENTS?

### 4. How do I know if I am part of the Settlements?

You are included in the Settlements if:
1. You purchased an E-book that was published by one of the Publishers (all of the Publishers publish books under many different names, called imprints, *See* Question 6), **and**
2. Your purchase was made from April 1, 2010 through May 21, 2012, **and**

The Attorneys General of 49 states, the District of Columbia and the five U.S. territories and commonwealths filed this lawsuit. These Attorneys General made claims on behalf of their residents under federal antitrust law based on their authority to bring lawsuits on behalf of their citizens.

## THE SETTLEMENTS' BENEFITS

### 10. What do the Settlements provide?

The Settling Publishers have agreed to pay $69.04 million into a fund to pay customers who purchased E-books published by any of the five Publishers. This money will be distributed if the Court approves the Settlements. The specific contributions to the Settlement Fund are as follows:

| PUBLISHER | AMOUNT |
|---|---|
| Hachette | $31.71 million |
| HarperCollins | $19.58 million |
| Simon & Schuster | $17.75 million |

The Attorneys General worked with an expert economist who estimated that the amount of damages caused by the three Settling Publishers is approximately $136 million. The Settlements equal $69.04 million, which is approximately 51% of the damages estimated by the Attorney Generals' expert. The Settling Publishers believe that damages, if any, were substantially smaller than the amount calculated by the Attorneys General.

If you bought one or more E-books that are included in the Settlements, you will be eligible for a credit or check representing part of your purchase price for each qualifying E-book.

The Settlements also include agreements by the Settling Publishers to:
- End certain agreements relating to the sale of E-books that were entered into prior to April 11, 2012;
- Not place restrictions on retailers' ability to offer discounts on E-books for two years;
- Not share sensitive competitive information with each other for five years;
- Comply with antitrust laws and requirements, including the Department of Justice's Final Judgment in a federal case about the same matters at issue in this Attorneys General lawsuit;
- Train appropriate people in their companies about antitrust laws and regulations; and
- Comply with other related orders of the Court regarding antitrust issues or anticompetitive conduct.

The Settlements also pay attorney fees and expenses incurred by the Attorneys General. Funds to pay these amounts do not come out of the money that will be used to pay consumers.

A separate lawsuit against the two Non-Settling Publishers and Apple, Inc. continues and is set for trial in 2013. Your rights against the Non-Settling Publishers and Apple in the separate suit are not affected by any action you take in these Settlements. You do not need to exclude yourself from these Settlements to retain your rights against the Non-Settling Publishers and Apple in the separate suit.

### 11. How much will my payment be?

Payments will be distributed if the Court grants final approval to the Settlements and after any appeals are resolved. If the Court approves the Settlements after a hearing on Month 00, 2013, there may be appeals. We don't know how much time it could take to resolve any appeals that may be filed.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you don't want money from one or more of the Settlements, then you must take steps to get out of the Settlement(s). This is called excluding yourself or "opting out."

### 14. How do I exclude myself from the Settlements?

To exclude yourself from a Settlement, you **must** complete an Exclusion Form, which is available at www.EBooksAGSettlements.com or by calling 1-866-621-4153. You must complete, print, sign, and mail the completed Exclusion Form, postmarked no later than Month Day, Year to the Settlement Administrator at the following address:

> E-books AG Settlements Exclusions
> PO Box 2825
> Faribault, MN 55021-8630

### 15. If I exclude myself from a Settlement, can I still get benefits from that Settlement?

No. You will not get any benefits from a Settlement if you exclude yourself from that Settlement. You can exclude yourself from a Settlement with one Settling Publisher, however, and participate in the Settlements with the other Settling Publishers.

For each Settlement you opt out of, your Settlement Payment will be reduced by a certain percentage:

- If you opt out of the Hachette Settlement, your Settlement Payment will be reduced by 46%.
- If you opt out of the HarperCollins Settlement, your Settlement Payment will be reduced by 28%.
- If you opt out of the Simon & Schuster Settlement, your Settlement Payment will be reduced by 26%.

### 16. If I exclude myself from a Settlement, can I sue the Settling Publishers separately?

If you exclude yourself, you can sue the Settling Publishers about the issues related to this case. If you do not exclude yourself, you give up your right to sue the Settling Publishers about the issues related to this case.

If you exclude yourself from these Settlements you may still participate in the separate lawsuit against the Non-Settling Publishers and Apple.

## OBJECTING TO THE SETTLEMENTS

### 17. How do I object?

expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, to the proper address, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 21. May I speak at the hearing?

Yes. You may appear at the hearing, either on your own, or through an attorney you hire, to present any evidence or argument that the Court decides is proper and relevant. To appear, you must file a Notice of Appearance. Your Notice of Appearance must include:

- Your name, address, and telephone number;
- A statement saying that you are filing a Notice of Appearance to speak at the Final Approval Hearing in *Texas, et al. v. Hachette Book Group, et al.*, Case No. 12-cv-6625;
- An explanation of what you want to speak about;
- An attachment with any supporting documentation; and
- Your signature.

You must mail your Notice of Appearance, postmarked no later than **Month Day, Year**, to these two addresses:

| Clerk of Court<br>U.S. District Court for the Southern District of New York<br>500 Pearl Street,<br>New York, New York 10007-1312 | E-books AG Settlements<br>PO Box 2825<br>Faribault, MN 55021-8630 |
|---|---|

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

What happens if you do nothing depends on the retailer(s) through which you bought E-books.

- If you bought qualifying E-books through **Amazon, Barnes & Noble, Kobo, or Apple**: You will receive a credit in your account automatically if the Court approves the Settlements. (*See* Question 12.)
- If you bought qualifying E-books through **Sony**: You will receive a check automatically if the Court approves the Settlements. (*See* Question 12.)
- If you bought qualifying E-books through **any other retailer not listed above**: You will not receive any benefits from the Settlements unless you file a Claim Form. (*See* Question 12.)

## ADDITIONAL INFORMATION

### 23. How do I get more information?

The notice summarizes the proposed Settlements. More details are in the Settlement Agreements. You can get a copy of the Settlement Agreements at www.EBooksAGSettlements.com. You may also write with questions to E-books AG Settlements Administrator, P.O. Box 2825, Faribault, MN 55021 or call 1-866-621-4153.