

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

October 17, 2013

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007-1312

      Re:  *In re Electronic Books Antitrust Litig.*, No. 11-md-02293 and *State of Texas, et al. v. Penguin Group, et al.*, Case No. 12-cv-03394 *and State of Texas, et al. v. Hachette Book Group,* Case No. 12-cv-6625.

Dear Judge Cote:

      I write today to request Court approval of two clarifications related to the administration of settlements in the above-noted cases: The first relates to the timing of consumer distribution and the second relates to the payment source of certain administrative costs.

      Your Honor gave Final Approval to settlements with 55 Attorneys General and Hachette, HarperCollins and Simon & Schuster on February 8, 2013 in the above-related cases ("Original Three Settlements"). The Final Order authorized Liaison Counsel for Plaintiff States to "hold the Consumer Compensation funds for a period of up to six months in order to accommodate possible additional settlement agreements." This six-month holding period expired August 8, 2013.

      However, on August 5, 2013, Your Honor preliminarily approved settlements between 33 Attorneys General, Class and Macmillan and Penguin ("Macmillan and Penguin Settlements") and preliminarily approved a separate settlement between Class and Hachette, HarperCollins and Simon & Schuster on behalf of the residents of Minnesota ("Minnesota-only Settlement"). Although Preliminary Approval of these additional settlements assumes a later, one-time distribution of all settlement consumer monies, the parties failed to request an express extension of the initial six-month hold period granted under the February 8th Order. By this letter, we make such request and ask the Court to confirm that distribution of all settlement consumer monies will be timely made if made as soon as practicable after a Final Judgment becomes final on the Macmillan, Penguin and Minnesota-only Settlements.

POST OFFICE BOX 12548, AUSTIN, TEXAS 78711-2548 TEL:(512)463-2100
WEB:WWW.OAG.STATE.TX.US
*An Equal Employment Opportunity Employer  Printed on Recycled Paper*

We are also asking the Court approve a slight modification to the Original Three Settlements. These settlements required the Defendants to each initially pay $750,000 into a Settlement Cost Account for payment of costs related to those settlements. They each have made the required payments and costs have been timely paid. When these three defendants and Class Counsel later negotiated the Minnesota-only Settlement, the parties estimated that the monies paid under the Original Three Settlements would be sufficient to also cover settlement administrative costs related to the Minnesota-only Settlement. The Minnesota-only Settlement approves the payment of these costs from the funds established under the Original Three Settlements. However, Liaison Counsel for the States were not parties to the Minnesota-only Settlement Agreement so neither they nor their escrow agent currently have express authority to pay the Minnesota-only related costs as anticipated. To remedy this, the parties have entered into the attached modification agreement in which Liaison Counsel ratify and incorporate the administration payment provisions of the Minnesota-only Settlement. All parties request the Court's approval of the attached agreement.

If further explanation or discussion of these requests would be helpful, please advise.

Respectfully,

*Rebecca Fisher*
Rebecca Fisher
Senior Assistant Attorney General
Consumer Protection Division
Antitrust Section
Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-1265 direct line
(512) 320-0975 facsimile
Rebecca.Fisher@texasattorneygeneral.gov